IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:20-CR-256 (CMH) |
| ) | |
| MOHAMMED TARIQ AMIN, ) | |
| ) | |
| Defendant. ) | |

FILED IN OPEN COURT
APR 16 2021
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## CONSENT ORDER OF FORFEITURE

WHEREAS, on November 10, 2020, the defendant, Mohammed Tariq Amin, agreed to waive indictment and pleaded guilty to a two-count criminal information charging the defendant with conspiracy to offer and pay health care kickbacks, in violation of Title 18, United States Code, Section 371 and conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349. The defendant further agreed to the entry of a forfeiture money judgment that is the subject of this order;

WHEREAS, the defendant obtained at least $21,510.92 U.S. currency during his participation in the conspiracy to offer and pay health care kickbacks and the conspiracy to commit health care fraud, an amount for which the defendant will be solely liable;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to notice in criminal information that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2 (b)(1) & (2) and 18 U.S.C. § 982(a)(7) against the defendant, Mohammed Tariq Amin, for $21,510.92 U.S. currency, an amount that represents proceeds the defendant obtained during his participation in the offenses of conviction, and an amount for which the defendant shall be solely liable.

2. The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets. The defendant stipulates and the Court finds that the requirements of 21 U.S.C. § 853(p)(1) have been met.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and pursuant to Fed. R. Civil P. 45, the issuance of subpoenas.

4. The Attorney General, Secretary of Homeland Security, Secretary or the Treasury, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

5. Because the forfeiture consists of a money judgment, no ancillary proceeding is necessary as directed by Fed. R. Crim. P. 32.2(c)(1).

Date: _April 16, 2021_
Alexandria, Virginia

_/s/ Claude M. Hilton_
United States District Court Judge Claude M. Hilton

WE ASK FOR THIS:

Raj Parekh
Acting United States Attorney
Eastern District of Virginia

By: _____
Monika Moore
Carina A. Cuellar
Assistant United States Attorneys

_____
Mohammed Tariq Amin
Defendant

_____
Cary Citronberg, Esq.
Counsel for the Defendant