IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MOHAMMED TARIQ AMIN,<br>Defendant. | Case No. 1:20-CR-256<br><br>Honorable Claude M. Hilton |

### GOVERNMENT'S MOTION FOR ENTRY OF MANDATORY RESTITUTION ORDER

The United States of America, by and through its counsel, respectfully submits its motion for restitution in this case. As detailed below, the government is seeking a restitution order directing Mohammed Tariq Amin ("Defendant") to pay $7,150,922.12 in restitution to the victims listed in Attachments A to the attached proposed Restitution Order.

### Procedural Background

On November 10, 2020, pursuant to a plea agreement with the government, Defendant pleaded guilty to a two-count information charging him with Conspiracy to Offer and Pay Health Care Kickbacks and Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. §§ 371 and 1349, respectively. ECF nos. 3, 5. This Court sentenced Defendant, on April 16, 2021, to twenty-four months' imprisonment on each count, to run concurrently, three years of supervised release, and entered a Consent Order of Forfeiture providing the government with a money judgment of $21,510.92.[1] ECF nos. 21, 22.

---

[1] Restitution and forfeiture serve separate and distinct goals (to compensate victims, and to punish wrongdoers, respectively); imposition of both penalties does not amount to a double recovery. *See United States v. Bennett*, 986 F.3d 389 (4th Cir. 2021); *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) (holding that "[t]hese two aspects of a defendant's sentence serve distinct purposes: restitution functions to compensate the victim, whereas forfeiture acts to punish the wrongdoer.").

## Argument

A.   <u>The Court Must Order Restitution for the Full Amount of the Victims' Losses.</u>

Full restitution in this case is required by the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §3663A.  The MVRA provides that a district court "shall order… that the defendant make restitution to the victim[s] of the offense" upon conviction for any "offense against property… including any offense committed by fraud or deceit."  18 U.S.C. § 3663A(a)(1), (c)(1)(A)-(B).  The MVRA defines "victim" broadly, to include:

> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2).  When a defendant is convicted of an offense against property, the sentencing court must order a convicted defendant to either return the property to the owner or, if the property cannot be returned, pay an amount equal to the greater of the value of the property on the date of the damage, loss, or destruction; or the value of the property on the date of sentencing, less the value of any property returned by the defendant to the victim as restitution. 18 U.S.C. § 3663A(b)(1)(A),(B) and (c)(1)(A)(ii).  "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."  18 U.S.C. § 3664(f)(1)(A); *United States v. Roper*, 462 F.3d 336, 337-58 (4th Cir. 2006) (noting that the MVRA removed the district courts' discretion to order restitution in anything less than the full amount of the victims' losses regardless of a defendant's financial situation).

I.  Defendant's Victims Suffered $7,150,922.12 in Losses Due to the Conspiracy

"[U]nder the MVRA, each member of a conspiracy that in turn causes property loss to a victim is responsible for the loss caused *by the offense*." *United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003) (citing *United States v. Laney*, 189 F.3d 954, 964–66 (9th Cir.1999)) (emphasis in original). In other words, each participant in the conspiracy is responsible for the losses caused by the conspiracy. "[A] victim is defined broadly" under the MVRA. *United States v. Duncan*, 578 F. App'x 183, 191 (4th Cir. 2014) (citing § 3663A(a)(2)), and includes any "person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered, including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy or pattern," § 3663A(a)(2).

As expressly stated in his plea agreement with the government, "Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A. Defendant agrees to the entry of a Restitution Order for the *full amount of the victims' losses*. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in §3663A(c)(l) gave rise to this plea agreement and as such, victims of the conduct described in the charging instrument, statement of facts or *any related or similar conduct* shall be entitled to restitution." ECF no. 6 (emphasis added).

A defendant in a scheme or conspiracy does not have to be convicted of every incident in the conspiracy to be responsible for the losses precipitated by the entire scheme or conspiracy. Rather, he is liable for the conduct of all co-conspirators that was in furtherance of the conspiracy and reasonably foreseeable to him. *See Pinkerton v. United States*, 328 U.S. 640, 646–47 (1946). With respect to restitution, "each member of the conspiracy that in turn causes property loss to a victim is responsible for the loss caused *by that conspiracy*." *Duncan*, 578 F. App'x at 191

(citations omitted) (emphasis added). In the instant case, this includes all victims of the conspiracy to commit health care fraud and the conspiracy to offer and pay health care fraud kickbacks, for which the defendant was convicted. *See United States v. Abdelbary*, 746 F.3d 570, 575 (4th Cir. 2014) (imposing restitution order for all directly and proximately caused losses to victims); *United States v. Lomas*, 392 F. App'x 122, 127-28 (4th Cir. 2010) (same).

II.  The Government Must Prove Loss by a Preponderance of the Evidence

The government bears the burden of proving the victims' losses by a preponderance of the evidence. 18 U.S.C. § 3664(e). "Absolute precision is not required" when calculating restitution under the MVRA. *United States v. Burdi*, 414 F.3d 216, 221 (1st Cir. 2005). The district court must "attempt to come to a 'reasonable determination of appropriate restitution by resolving uncertainties with a view towards achieving fairness to the victim.'" *Id.* at 221 (quoting *United States v. Vankin*, 112 F.3d 579, 587 (1st Cir. 1997)). The evidence proffered by the government and ultimately relied upon by the Court may come from many sources and may include hearsay as long as it "bears minimal indicia of reliability so long as the defendant is given the opportunity to refute that evidence." *United States v. Johnson*, 680 F. App'x 194, 200 (4th Cir. 2017) (internal quotations and citations omitted). The government may also "rely upon information found in a defendant's presentence report unless the defendant affirmatively shows that such information is inaccurate or unreliable." *United States v. Delmonte*, 444 F. App'x 695, 697-98 (4th Cir. 2011) (citing *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993)).

In the present case, the parties agree that the victim loss amount is correctly determined to be $7,150,922.12. While the presentence report in this matter cites a larger loss sum of $7,176,746.35, ECF no. 10 at 18, and Defendant made no objection at sentencing, post-sentencing discussions between counsel have resulted in a determination that the lesser figure of

4

$7,150,922.12 is warranted here to properly reflect the resulting loss during the timeframe for which evidence supports that the defendant was a member of the conspiracies—approximately January 2015 until November 2018.

III.     Apportionment is Not Warranted in the Case at Bar

A sentencing court may "mitigate the impact that a restitutionary order might have on the defendant, but only in two respects. It may relax the 'manner' of payment based on the defendant's financial resources, and it may apportion the payment among defendants if more than one defendant has contributed to the loss." *Id*. (citing 18 U.S.C. § 3664(f), (h)). Section 3664(h) authorizes apportionment based on a defendant's "level of contribution to the victim's loss and economic circumstances of each defendant." *Id*. A sentencing court's decision to apportion or not is reviewed for abuse of discretion. *United States v. Samuels*, 702 F. App'x 161 (4th Cir. 2017) (finding no abuse of discretion in ordering defendant, a tax-preparer working for tax-preparation company and convicted of criminal conspiracy, to pay victim losses reflected on returns filed using his name and Preparer Tax Identification Number, even absent testimony identifying the defendant as preparer of those tax returns).

Because of the primarily compensatory nature of restitution and the MVRA's goal of seeing victims made whole as quickly as possible, the government opposes apportionment of restitution among co-defendants responsible for losses in a conspiracy. In this case, the parties do not dispute the loss amount suffered by the victims during the time Defendant participated in the conspiracy. Defendant agreed in his plea agreement to pay the full amount of loss. He did not play a minor role in the conspiracy, nor is he unsophisticated. During the course of the conspiracy, Defendant used knowledge he acquired while working in a pharmacy to further the scheme he joined to fraudulently bill health care benefit programs and pay kickbacks for the

5

referral of prescriptions. His actions caused federal, state, and private health care benefit programs to be defrauded more than $7 million. He illegally approved fraudulent prescriptions and performed numerous other actions in furtherance of the conspiracy, including attempting to conceal evidence of the fraudulent conduct from pharmacy auditors by, *inter alia*, forging invoices and using a false identity.

"In sum, the MVRA *requires* that a court enter an order of *full* restitution when the loss is caused by a property offense, and the focus of the court in applying the MVRA must be on the losses to the victim caused by the offense." *Newsome*, 322 F.3d at 341 (emphasis in original). It is without dispute that Defendant's conspiracy offenses caused victims to suffer losses of $7,150,922.12. Additionally, by seeking to hold Defendant responsible for only those losses incurred during his participation in the conspiracies, the government has already provided him with an appropriate form of apportionment. As such, the government's proposed restitution order should be entered.

## **Conclusion**

For the foregoing reasons, the United States respectfully requests that the Court enter the proposed restitution order in the amount of $7,150,922.12 as detailed in Attachments A to the attached proposed restitution order, jointly and severally with Onkur Lal (1:20-CR-237), Mohamed Abdalla (1:20-CR-250), and Daniel Walker (1:20-CR-234).

                    Raj Parekh
                    Acting United States Attorney

By:      /s/
                    Ronald P. Fiorillo II
                    Assistant United States Attorney
                    United States Attorney's Office
                    Eastern District of Virginia
                    2100 Jamieson Avenue
                    Alexandria, VA 22314
                    Tel.: (703) 299-3700
                    Fax: (703) 299-3981
                    Ron.Fiorillo@usdoj.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Ronald P. Fiorillo II
Counsel for the United States
