IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MOHAMMED TARIQ AMIN,<br>Defendant. | Case No. 1:20-CR-256<br><br>Honorable Claude M. Hilton |

**<u>GOVERNMENT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF MANDATORY RESTITUTION ORDER</u>**

The United States of America, by and through its counsel, respectfully submits its Reply Memorandum in Support of its Motion for Entry of Mandatory Restitution Order. On June 18, 2021, pursuant to the briefing schedule entered by this Court at the request of the parties, the Government filed its Motion for Entry of Mandatory Restitution Order. In this Motion, the Government noted that in Defendant Tariq Amin's ("Defendant") Plea Agreement, Defendant agreed that restitution was mandatory in this case and Defendant agreed to entry of a Restitution Order for the full amount of the victims' losses. Docket No. 30 at 3. While the parties agreed to the full dollar amount of the victims' losses, Defendant did not agree what percentage should be attributed to him. The Government also noted that pursuant to 18 U.S.C. § 3664(h), the Court has the discretion to apportion the restitution payment among defendants if more than one defendant contributed to the loss. *Id.* at 5. The Government then argued that while the Court has the discretion to apportion the restitution amount, apportionment is not appropriate in this case given the circumstances. *Id.* at 5-6.

On June 20, 2021, Defendant filed a Position on Restitution in which Defendant stated that it "appears the Court has no discretion to deny entry of the government's proposed

1

restitution order," despite the fact that Defendant "oppose[s] this outcome." Docket No. 31 at 1. As such, Defendant "waives" further briefing or a hearing on this matter. *Id.*

Prior to Defendant's April 16, 2021 sentencing, defense counsel and undersigned counsel discussed restitution extensively. The parties agreed that Defendant would agree not to contest the total restitution *amount* in this case, and the Government would agree the Court has discretion to *apportion* restitution with respect to Defendant, as is authorized by 18 U.S.C. § 3664(h). The parties memorialized this agreement. On June 19, 2021, defense counsel and undersigned counsel had a telephone conversation where counsel for the Government again confirmed that it is the Government's position that the Court has discretion to apportion restitution here. This is the view expressed in the Government's June 18, 2021 Motion and the view that the Government has expressed throughout the entirety of this matter. It is the Government's view that it would *not* be a breach of the Plea Agreement for Defendant to request that the Court apportion the restitution based on Defendant's level of contribution to the victim's losses and the economic circumstances of the defendants. *See* 18 U.S.C. § 3664(h).

As explained in the Government's Motion for Entry of Mandatory Restitution Order, it is simply the Government's view that based on the facts and circumstances of this case, the Court should not exercise its discretion to apportion the restitution here. *See* Docket No. 30. The Government does not oppose defense counsel filing a supplemental response to address these issues if necessary.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By:     /s/
Monika Moore
Assistant United States Attorney
Eastern District of Virginia
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel.: (703) 299-3700
Fax: (703) 299-3981
monika.moore@usdoj.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Monika Moore
Counsel for the United States